No. 346. NEW YORK ET AL. *v.* UNITED STATES ET AL.

*Per Curiam:* The motion to affirm is granted and the judgment is affirmed. MR. JUSTICE BLACK dissents to the action of the Court disposing of the case without oral argument. Dissenting memorandum filed by MR. JUSTICE DOUGLAS. *Nathaniel L. Goldstein,* Attorney General of New York, *Lawrence E. Walsh* and *George H. Kenny* for appellants. *Solicitor General Perlman* and *J. Stanley Payne* for appellees.

MR. JUSTICE DOUGLAS, dissenting.

The Interstate Commerce Commission has ordered intrastate commuters' fares of the New York, New Haven and Hartford Railroad Company increased in New York to the level of interstate commuters' fares. The Commission found that the transportation conditions surrounding intrastate trains were substantially similar to those surrounding interstate trains. Interstate fares were determined to be reasonable. But present intrastate fares were found not to be producing a reasonable return on investment. The Commission concluded that persons and localities in interstate commerce, and interstate commerce, were being unduly discriminated against. Pursuant to § 13 (4) of the Interstate Commerce Act (49 U. S. C. § 13 (4)), it ordered intrastate fares raised to the level of interstate fares to remove the discrimination. A three-judge district court affirmed the order of the Commission as to the finding of discrimination against interstate commerce, but did not pass on the finding of discrimination against persons and localities in interstate commerce. 98 F. Supp. 855.

We have long insisted that the Interstate Commerce Commission supply us with an adequate basis for its decision. *United States* v. *Chicago, M., St. P. & P. R. Co.,* 294 U. S. 499, 504–505, 510–511; *United States.* v. *Carolina Carriers Corp.,* 315 U. S. 475, 488–489. When, as here, Commission action constitutes an intrusion on state power, there is a·duty on that body clearly to justify its action. *Florida* v. *United States,* 282 U. S. 194, 211–212; *Yonkers* v. *United States,* 320 U. S. 685, 690.

To justify its conclusion of discrimination against interstate commerce, the Commission must show that intrastate commutation service is not producing its fair share of the New Haven's revenues. *Wisconsin Railroad Commission* v. *Chicago, B. & Q. R. Co.,* 257 U. S. 563, 585–586; *United States* v. *Louisiana,* 290 U. S. 70, 75. Intrastate traffic must, of course, bear a proportionate amount of the burden necessary to meet maintenance and operating costs and yield a fair return on investment. But here, as in *North Carolina* v. *United States,* 325 U. S. 507, 516, the "Commission made no findings as to what contribution from intrastate traffic would constitute a fair proportion of the railroad's total income." It merely found that the interstate rates were reasonable and fixed intrastate rates at the same level.

We have here no finding as to the necessary relation between interstate and intrastate commutation rates. Perhaps intrastate fares need not be as high as interstate fares to produce intrastate's fair share of total revenue. Perhaps they should be higher. The critical issue is at what rates the two types of commuter traffic will be capable of producing their proper shares of revenue. It is not necessary on this record to equate the two rates in order to prevent diversion of traffic to the lower intrastate fare. *Illinois Commerce Commission* v. *United States,* 292 U. S. 474, 485. An adequate basis for a conclusion of rate discrimination in this case would require a finding as to the

amount of revenue expected of the intrastate and interstate commuters and the revenue-producing capacities of the two groups.

Unless we make the requirements for administrative action strict and demanding, *expertise,* the strength of modern government, can become a monster which rules with no practical limits on its discretion. Absolute discretion, like corruption, marks the beginning of the end of liberty. This case is perhaps insignificant in the annals. But the standard set for men of good will is even more useful to the venal.